IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX HASSON,<br><br>*Plaintiff*,<br><br>v.<br><br>JAYLEN DAVIS<br><br>and<br><br>RYAN CROCKETT,<br><br>*Defendant(s).* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-cv-2621 |

### DEFENDANT RYAN CROCKETT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ryan Crockett ("Defendant") files this Answer to Plaintiff Felix Hasson's ("Plaintiff") Complaint, and would show the Court the following:

#### I.    DEFENDANT'S ANSWER

1.    Defendant admits this Court has subject matter jurisdiction under the statutes listed in paragraph 1 of Plaintiff's Complaint, but denies it is liable to Plaintiff under these or any other statutes. Defendant denies all other allegations in paragraph 1 of Plaintiff's Complaint.

2.    Defendant admits this Court has venue under the statue listed in paragraph 2 of Plaintiff's Complaint. Defendant denies all other allegations in paragraph 2 of Plaintiff's Complaint.

3.    With respect to the allegations in paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff is a professional videogamer who plays Super Smash Brothers Ultimate

("Smash"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 3 of Plaintiff's Complaint, so Defendant denies such allegations.

4. Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations in paragraph 7 of Plaintiff's Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 8 of Plaintiff's Complaint, so Defendant denies such allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 9 of Plaintiff's Complaint, so Defendant denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 10 of Plaintiff's Complaint, so Defendant denies such allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 11 of Plaintiff's Complaint, so Defendant denies such allegations.

12. With respect to the allegations in paragraph 12, Defendant admits that Plaintiff is a Jewish American. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 12 of Plaintiff's Complaint, so Defendant denies such allegations.

13. Paragraph 13 of Plaintiff's Complaint purports to be a summary of the Bible and other writings on the Jewish faith. *See* Complaint, footnotes 1-5. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 13 contains allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 13 of Plaintiff's Complaint, so Defendant denies such allegations.

14. Paragraph 14 of Plaintiff's Complaint purports to be a summary of the Torah, Bible and case law. As such no admission or denial is required by FED. R. CIV. P. 8. To the extent paragraph 14 contains allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 14 of Plaintiff's Complaint, so Defendant denies such allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 15 of Plaintiff's Complaint, so Defendant denies such allegations.

16. With respect to the allegations in paragraph 16 of Plaintiff's Complaint, Defendant admits the content of Plaintiff's "*Donda* Tweet" is accurately stated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 16 of Plaintiff's Complaint, so Defendant denies such allegations.

17. With respect to the allegations in paragraph 17 of Plaintiff's Complaint, Defendant admits the content of Plaintiff's "Chad Tweet" is accurately stated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 17 of Plaintiff's Complaint, so Defendant denies such allegations.

18. Paragraph 18 of Plaintiff's Complaint purports to be a summary of the Bible and other writings on the Jewish faith. *See* Complaint, footnotes 6-8. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 18 contains allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 18 of Plaintiff's Complaint, so Defendant denies such allegations.

19. With respect to the allegations in paragraph 19 of Plaintiff's Complaint, Defendant admits the content of Plaintiff's "Rocket Tweets" are accurately stated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 19 of Plaintiff's Complaint, so Defendant denies such allegations.

20. With respect to the allegations in paragraph 20 of Plaintiff's Complaint, Defendant admits the content of Plaintiff's "October 7 tweet" is accurately stated and that this October 7 tweet was a "geopolitical observation" regarding Hamas's October 7, 2023 attack on Israel.

21. With respect to the allegations in paragraph 21 of Plaintiff's Complaint, Defendant admits the content of Plaintiff's "LMAO tweet" is accurately stated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 21 of Plaintiff's Complaint, so Defendant denies such allegations.

22. With respect to the allegations in paragraph 22, Defendant admits that Plaintiff was "banned from a number of Smash tournaments." Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 22 of Plaintiff's Complaint, so Defendant denies such allegations.

23. With respect to the allegations in paragraph 23 of Plaintiff's Complaint, Defendant admits that Plaintiff was deregistered from Battle For Bryan 4 tournament, a regional Cstat Smash tournament at Legends Event Center in College Station, Texas held on January 20, 2024. Defendant admits that Defendant Davis made the statement in the second sentence of this paragraph. Defendant denies the other allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations in paragraph 24 of Plaintiff's Complaint. .

25. Defendant admits the allegations in paragraph 25 of Plaintiff's Complaint.

26. With respect to the allegations in paragraph 26 of Plaintiff's Complaint, Defendant admits that Plaintiff was deregistered for the Battle for Bryan 6 held at the Legends Event Center on April 19, 2024 and removed from the Discord server. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 26 of Plaintiff's Complaint, so Defendant denies such allegations.

27. With respect to the allegations in paragraph 27, Defendant admits that he messaged Plaintiff to communicate to Plaintiff that the ban was a result of his tweets that "endorse violence" and that Plaintiff publicly threatened to sue Defendant because of the ban. Defendant denies the other allegations in paragraph 27 of Plaintiff's Complaint.

28. With respect to the allegation in the first sentence of paragraph 28, Defendant admits that Ben Calva Flores has not been banned from tournament participation and that Mr. Flores has participated in post-October 7 tournaments. Defendant denies that Flores' August 22, 2024 tweet was antisemitic. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 28 of Plaintiff's Complaint, so Defendant denies such allegations.

29. With respect to the allegations in paragraph 29, Defendant admits that Parker Hearn has not been banned from tournament participation and that Mr. Hearn has participated in post-October 7 tournaments. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 29 of Plaintiff's Complaint, so Defendant denies such allegations.

30. With respect to paragraph 30 of Plaintiff's Complaint, Defendant herein incorporates his admissions and denials from all prior paragraphs.

31. Paragraph 31 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 31 contains allegations, any such allegations are denied.

32. Paragraph 32 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 32 contains allegations, any such allegations are denied.

33. Paragraph 33 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 33 contains allegations, any such allegations are denied.

34. With respect to the allegations in paragraph 34 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34, so Defendant denies such allegations. Defendant denies the other allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 36 of Plaintiff's Complaint.

37. With respect to paragraph 37 of Plaintiff's Complaint, Defendant herein incorporates his admissions and denials from all prior paragraphs.

38. Paragraph 38 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 38 contains allegations, any such allegations are denied.

39. Paragraph 39 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 39 contains allegations, any such allegations are denied.

40. Paragraph 40 of Plaintiff's Complaint purports to be a statement of law. As such, no admission or denial is required under FED. R. CIV. P. 8. To the extent paragraph 40 contains allegations, any such allegations are denied.

41. Defendant admits that Plaintiff is a racially Jewish person within the Jurisdiction of the United States. Defendant denies the other allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief parts A through E.

44. All other allegations and averments of the Complaint not heretofore admitted or denied by Defendants are hereby denied.

WHEREFORE, Defendant Ryan Crockett prays that the Court dismiss Plaintiff's Complaint, that Plaintiff takes nothing by this suit, that all relief prayed for by Plaintiff in this action be denied, and that Defendant be given such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: <u>JULY 7, 2025</u>   Respectfully submitted,

By: <u>/s/ C. Anderson Parker</u>
C. Anderson Parker
Federal Bar No. 567726
Texas State Bar No. 24046584
andy@psd.law

PARKER SÁNCHEZ & DONNELLY, PLLC
700 Louisiana St, Ste 4520
Houston, TX 77002
(713) 659-7200 (Telephone)
(713) 659-7203 (Facsimile)

*Counsel for Defendant Ryan Crockett*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to Rule 21a, Texas Rules of Civil Procedure, on July 7, 2025.

*/s/ C. Anderson Parker*